IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRIAN AQUINO, #A5018716, | ) CIV. NO. 17-00300 LEK-RLP |
| Plaintiff, | ) ORDER DISMISSING AMENDED ) COMPLAINT PURSUANT TO 28 |
| vs. | ) U.S.C. §§ 1915(e) & ) 1915A(a) |
| STATE OF HAWAII D.P.S, HALAWA CORRECTIONAL FACILITY, WARDEN SCOTT HARRINGTON, | ) ) ) ) |
| Defendants, | ) ) |

## **ORDER DISMISSING AMENDED COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e) & 1915A(a)**

Plaintiff Brian Aquino is incarcerated at the Halawa Correctional Facility ("HCF"), and brings this action pursuant to 42 U.S.C. § 1983. Am. Compl., ECF. No. 10. Aquino alleges Defendants the Hawaii Department of Public Safety ("DPS"), HCF, and HCF Warden Scott Harrington denied him safe housing and interfered with his mail. Aquino names all Defendants in their individual and official capacities and seeks damages and a transfer from HCF.

For the following reasons, Aquino's Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) &

1915A(a-b) for his failure to state a plausible claim for relief, with leave granted to amend as limited below.

## I. STATUTORY SCREENING

Because Aquino is a prisoner and is proceeding in forma pauperis, the court is required to screen his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). The court must dismiss a complaint or claim that is frivolous, malicious, fails to state a claim for relief, or seeks damages from defendants who are immune from suit. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

Screening under §§ 1915(e)(2) and 1915A(b) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (discussing screening pursuant to § 1915A). Under Rule 12(b)(6), a complaint must "contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 678.

Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed me accusation" falls short of meeting this plausibility standard.  *Id.; see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Leave to amend must be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). If the complaint cannot be saved by amendment, dismissal without leave to amend is appropriate. *Sylvia Landfield Trust v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.  DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Additionally, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the

4

injury and the violation of his rights.  *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

**A.  HCF, DPS, and Claims Against Warden Harrington in His Official Capacity Are Dismissed**

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."  *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007).  Defendants named in their official capacities are subject to suit under § 1983 only "for prospective declaratory and injunctive relief . . . to enjoin an alleged ongoing violation of federal law."  *Oyama v. Univ. of Haw.*, 2013 WL 1767710,

at *7 (D. Haw. Apr. 23, 2013) (quoting *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005), *abrogated on other grounds by Levin v. Commerce Energy Inc.*, 560 U.S. 413 (2010)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).

Aquino seeks damages, and his claims for prospective injunctive relief (a transfer to another facility) will not enjoin an alleged ongoing violation of federal law. Official capacity claims against Warden Harrington are DISMISSED with prejudice.

Moreover, "state agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute." *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) (citing *Will*, 491 U.S. at 70). Nor is a jail or prison a "person" amenable to suit under § 1983. *Allison v. Cal.*, 419 F.2d 822, 823 (9th Cir. 1969) (finding San Quentin Prison is not a person subject to suit under § 1983); *Christman v. Micheletti*, 302 F. App'x 742, 743 (9th Cir. 2008) (affirming dismissal of claims against the California Department of Corrections and

Rehabilitation). Claims against HCF and DPS are DISMISSED with prejudice. *See Thompson v. Haw. Dep't of Pub. Safety*, No. CV 17-00235 LEK-KSC, 2017 WL 2841700, at *2 (D. Haw. July 3, 2017).

**B. Failure to Protect**

In Count I, Aquino states that he has requested protective custody housing for ninety-eight days "for fear of backlash from naming H.C.F. staff members" as parties to this suit and in administrative grievances.[1] He says "staff continues to ignore me." Am. Compl., ECF No. 10, PageID #25. Aquino provides no other details regarding this claim.

***1. Linkage Requirement***

Aquino fails to link Warden Harrington to any act

---

[1] In his original complaint, Aquino stated that he arrived at HCF on May 3, 2017, and was housed in the high security segregated holding unit pending investigation into his escape from the Waiawa Correctional Facility. *See* ECF No. 1, PageID #2. He complained that he was denied protective custody on May 30, 2017, because he had filed grievances and this lawsuit (although he did not file this action until June 23, 2017). Aquino claimed that HCF staff harassed him, tampered with mail from his wife, and he was afraid to leave his cell because they might see his legal papers. *See* Compl., ECF 1.

or omission showing that Harrington participated in or directed the violation of his Constitutional rights. He does not detail the harassment he faced (and from whom), the prison's responses to his requests for protective custody, or what Warden Harrington (or any other prison official) did or failed to do that violated his rights. He therefore fails to state a claim for relief.

### 2. *Supervisor Liability*

To the extent Aquino seeks to hold Warden Harrington or any prison official liable based solely on their supervisory positions at HCF or DPS, he may not do so. Liability may not be imposed on supervisory personnel under § 1983 for the acts or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of

the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may exist without personal participation, but only if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1970). Aquino fails to state a supervisory liability claim against Warden Harrington or any prison official.

### 3. *Failure to Otherwise State a Claim*

Prison officials have a duty under the Eighth Amendment to protect prisoners from violence, because being assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. *Farmer v. Brennan*, 511 U.S. 825,

9

833–34 (1994); *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).

Prison officials, however, are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk or serious harm to an inmate; deliberate indifference occurs when an official acts or fails to act despite his subjective knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 834, 841; *Clem*, 566 F.3d at 1181; *Hearns*, 413 F.3d at 1040. A prison official need not "believe to a moral certainty" that an inmate is at risk of harm, "before [he] is obligated to take steps to prevent such an assault," but he or she must have more than a "mere suspicion" that an attack will occur. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986).

The obviousness of the risk may be sufficient to establish knowledge. *See Farmer*, 511 U.S. at 842; *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995). However, "speculative and generalized fears of harm

10

. . . do not rise to a sufficiently substantial risk of serious harm." *Williams v. Wood*, 223 F. App'x 670, 671, 2007 WL 654223, at *1 (9th Cir. 2007). To state a cognizable Eighth Amendment failure-to-protect claim, an inmate must establish that: (1) "the deprivation alleged [is] objectively, 'sufficiently serious,'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)); and (2) the prison official had a "'sufficiently culpable state of mind,'" that shows "'deliberate indifference' to inmate health or safety." *Id.* at 834 (quoting *Wilson*, 501 U.S. at 297, 302–03). The prison "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Aquino provides no facts from which the Court can reasonably infer that any prison official acted with deliberate indifference to his health or safety. Rather, he sets forth vague, conclusory, speculative fears that he is in danger from unnamed prison officials because he instituted this suit and filed

grievances against prison officials. The only facts he describes to support this claim is his allegation that that unnamed mail staff harassed him when they marked a letter to him from his wife with "ESCAPE" in red ink. *See* Am. Compl., ECF No. 10, PageID #8. If this can be considered harassment, it is not only trivial but also an apparently accurate assessment of Aquino's admitted status as an escapee. He provides nothing else showing that he had a reasonable, concrete fear for his safety, informed prison officials of that fear, and was denied protective custody despite any prison official's knowledge of a concrete, non-frivolous threat to his safety. That is, Aquino fails to show that he faced an objective risk of serious harm and that any officer subjectively knew of and disregarded this risk when he was denied protective custody housing.

A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff must plead sufficient, plausible "factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim provides more than "a sheer possibility that a defendant has acted unlawfully." *Id.* A claim that is possible, but is not supported by enough facts to "nudge [it] across the line from conceivable to plausible. . . must be dismissed." *Twombly*, 550 U.S. at 570.

Aquino's failure-to-protect claim is DISMISSED for failure to state a claim, with leave granted to amend.

## C. Interference With Mail

In Count II, Aquino alleges that prison officials wrote ESCAPE in red ink on a "suicide letter" that he received from his wife. He does not explain whether this letter was marked as such and returned to his wife, or given to him after he was recaptured. He also fails to identify how this violated his constitutional rights.

Prisoners retain a First Amendment right to send and receive mail in a manner consistent with legitimate penological objectives. *Shaw v. Murphy*, 532 U.S. 223,

13

231 (2001); *Nordstrom v. Ryan*, 856 F.3d 1265, 1271-72 (9th Cir. 2017); *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)). But an inmate's right to send and receive mail "is subject to 'substantial limitations and restrictions in order to allow prison officials to achieve legitimate correctional goals and maintain institutional security.'" *Prison Legal News v. Lehman*, 397 F.3d 692, 699 (9th Cir. 2005) (citation omitted); *Nordstrom II*, 856 F.3d at 1272 (citing *Wolff v. McDonnell*, 418 U.S. 539, 577 (1974) (holding that prison officials may open, but not read, incoming legal mail in the presence of the inmate)).

Prison officials may inspect a prisoner's mail for contraband and for other security concerns. *Prison Legal News v. Cook*, 238 F.3d 1145, 1149 (9th Cir. 2001). A jail or prison may even restrict an inmate's right to receive mail, but only if the regulations are "reasonably related" to legitimate penological interests. *See Beard v. Banks*, 548 U.S. 521, 528

14

(2006); *Turner v. Safely*, 482 U.S. 78, 89-91 (1987); *Witherow*, 52 F.3d at 265.

Aquino fails to identify any constitutional right that restricts prison officials from identifying an inmate's personal mail regarding his status as an escapee, and this Court is aware of no such right. Aquino fails to state a claim regarding this trivial alteration of his personal mail and Count II is DISMISSED.

### III. **LEAVE TO AMEND**

Aquino may file an amended complaint that cures the deficiencies noted above on or before December 12, 2017. An amended complaint generally supersedes the original complaint. *See Ramirez v. Cty. of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). An amended complaint should stand on its own without incorporation or reference to a previous pleading. Defendants not named and claims dismissed without prejudice that are not realleged in an amended complaint may be deemed voluntarily dismissed. *See*

15

*Lacey*, 693 F.3d at 928 (stating claims dismissed with prejudice need not be repled to preserve them for appeal, but claims that are "voluntarily dismissed" are considered "waived if not repled").

## IV. 28 U.S.C. § 1915(g)

If Aquino fails to file an amended complaint, or is unable to amend his claims to cure their deficiencies, this dismissal shall count as a "strike" under 28 U.S.C. § 1915(g). Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in
> any facility, brought an action or appeal in a
> court of the United States that was dismissed
> on the grounds that it is frivolous, malicious,
> or fails to state a claim upon which relief may
> be granted, unless the prisoner is under
> imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## V. CONCLUSION

(1) The Amended Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

16

(2) Aquino may file an amended complaint curing the deficiencies noted above in those claims dismissed without prejudice on or before December 12, 2017.

(3) The Clerk of Court is DIRECTED to mail Aquino a prisoner civil rights complaint form so that he can comply with the directions in this Order.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 13, 2017.



    /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Aquino v. Harrington*, 1:17-cv-00300 LEK-RLP; scrn 2017 Aquino 17-300 lek (dsm C lv amd)