IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BRIAN AQUINO, #A5018716, | ) | CIV. NO. 17-00300 LEK-RLP |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING AMENDED |
| | ) | COMPLAINT PURSUANT TO 28 |
| vs. | ) | U.S.C. §§ 1915(e) & |
| | ) | 1915A(a) |
| WARDEN SCOTT HARRINGTON, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

**ORDER DISMISSING AMENDED COMPLAINT PURSUANT TO
28 U.S.C. §§ 1915(e) & 1915A(a)**

Plaintiff Brian Aquino, a prisoner incarcerated at the Halawa Correctional Facility ("HCF"), brings this action pursuant to 42 U.S.C. § 1983. *See* Am. Compl., ECF. No. 14. Aquino states that Defendant HCF Warden Scott Harrington denied his request to be moved to protective custody. He alleges this violated his rights under the Eighth Amendment. Aquino names Harrington in his individual and official capacities and seeks damages and a transfer from HCF.

For the following reasons, Aquino's amended Complaint is DISMISSED pursuant to 28 U.S.C.

§§ 1915(e)(2) & 1915A(a-b) for his failure to state a plausible claim for relief with leave granted to amend.

## I. STATUTORY SCREENING

Because Aquino is a prisoner and is proceeding in forma pauperis, the court must screen his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). The court must dismiss a complaint or claim that is frivolous, malicious, fails to state a claim for relief, or seeks damages from defendants who are immune from suit. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

Screening under §§ 1915(e)(2) and 1915A(b) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (discussing screening under § 1915(e)); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (discussing screening pursuant to § 1915A). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678.

Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed me accusation" falls short of meeting this plausibility standard. *Id.; see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Leave to amend must be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). If the complaint cannot be saved by amendment, dismissal without leave to amend is appropriate. *Sylvia Landfield Trust v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. <u>DISCUSSION</u>

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Additionally, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the

4

injury and the violation of his rights.  *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

### A. Official Capacity Claims Against Harrington Are Dismissed

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."  *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007).  Defendants named in their official capacities are subject to suit under § 1983 only "for prospective declaratory and injunctive relief . . . to enjoin an alleged ongoing violation of federal law."  *Oyama v. Univ. of Haw.*, 2013 WL 1767710,

at *7 (D. Haw. Apr. 23, 2013) (quoting *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005), *abrogated on other grounds by Levin v. Commerce Energy Inc.*, 560 U.S. 413 (2010)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).

The court lacks jurisdiction over Aquino's claims for prospective injunctive relief (a transfer to another facility). Official capacity claims against Warden Harrington are again DISMISSED with prejudice.

**B. Failure to Protect**

Aquino states that Warden Harrington "was & is aware of the fear from my safety since 5/30/17 till today," and complains that Harrington has denied or ignored his request for protective custody housing.[1] Am. Compl., ECF No. 14, PageID #56. Aquino alleges that he has a right to be housed in the protective

---

[1] In his original complaint, Aquino stated that he arrived at HCF on May 3, 2017, and was housed in the high security segregated holding unit pending investigation into his escape from the Waiawa Correctional Facility. *See* ECF No. 1, PageID #2. He complained that he was denied protective custody on May 30, 2017, because he had filed grievances and this lawsuit (although he did not file this action until June 23, 2017). Aquino claimed that HCF staff harassed him, tampered with mail from his wife, and he was afraid to leave his cell because they might see his legal papers. *See* Compl., ECF 1.

6

custody housing, that Harrington is the prison official who has the ability to act on his request, yet Harrington is ignoring Department of Public Safety policies and procedures by denying his request. He alleges no other details regarding this claim.

The Eighth Amendment requires prison staff "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). Prison officials are required to protect prisoners from violence because being assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. *Farmer v. Brennan*, 511 U.S. 825, 833–34 (1994); *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).

To state a cognizable Eighth Amendment failure-to-protect claim, an inmate must establish that: (1) "the deprivation alleged [is] objectively, 'sufficiently serious,'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)); and (2) the prison

7

official had a "'sufficiently culpable state of mind,'" that shows "'deliberate indifference' to inmate health or safety." *Id.* at 834 (quoting *Wilson*, 501 U.S. at 297, 302-03). The prison "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

A prison official need not "believe to a moral certainty" that an inmate is at risk of harm, "before [he] is obligated to take steps to prevent such an assault," but he or she must have more than a "mere suspicion" that an attack will occur. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). The obviousness of the risk may be sufficient to establish knowledge. *See Farmer*, 511 U.S. at 842; *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995). However, "speculative and generalized fears of harm . . . do not rise to a sufficiently substantial risk of serious harm." *Williams v. Wood*, 223 F. App'x 670, 671, 2007 WL 654223, at *1 (9th Cir. 2007); *Ware v. Bitter*, 2017 WL 117863, at *4 (E.D. Cal. Jan. 11, 2017) (dismissing

inmate's conclusory claim that alleged only a generalized fear of assault).

First, Aquino alleges no facts from which the Court can reasonably infer that Warden Harrington acted with deliberate indifference to his health or safety when he denied Aquino's request for protective custody. Aquino vaguely alleges conclusory, speculative fears that he is in danger from unnamed prison officials, but provides no concrete, non-speculative facts from which these fears can be inferred.[2] That is, Aquino again alleges insufficient facts to show that he had a reasonable, concrete fear for his safety, that he informed Warden Harrington of that fear, and that Warden Harrington denied him protective custody despite knowledge of a threat to Aquino's safety.

Second, to the extent Aquino alleges that he has a constitutional right to be housed in protective

---

[2] In Aquino's previous two pleadings he alleged that his fears stemmed from filing the present suit and grievances against unnamed prison officials, and because one piece of his mail identified him as an escapee. The Court found that these claims were insufficient to support a claim of deliberate indifference to his safety by any prison official. See Order, ECF No. 13.

custody, he is mistaken. Prisoners have no constitutional right to be housed in the institution of their choice, *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983), or in a particular section of a prison. See *McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise.")

Aquino's failure-to-protect claim as alleged against Warden Harrington is again DISMISSED for failure to state a claim. Because it is possible that Aquino can allege additional facts that will nudge his claim from possible to plausible, he is granted to amend again.

## III. LEAVE TO AMEND

Aquino may file another amended complaint that cures the deficiencies noted above on or before **December 13, 2017.** An amended complaint generally supersedes the original complaint. *See Ramirez v. Cty. of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). An amended complaint should stand on

its own without incorporation or reference to a previous pleading. Defendants not named and claims dismissed without prejudice that are not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928 (stating claims dismissed with prejudice need not be repled to preserve them for appeal, but claims that are "voluntarily dismissed" are considered "waived if not repled").

### IV. 28 U.S.C. § 1915(g)

If Aquino fails to file an amended complaint, or is unable to sufficiently amend his Complaint to cure its deficiencies, this dismissal shall count as a "strike" under 28 U.S.C. § 1915(g).[3]

---

[3] Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## V.  CONCLUSION

(1)  The Amended Complaint, ECF No. 14, is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

(2) Aquino may file an amended complaint that cures the deficiencies noted above on or before **December 13, 2017.**

(3) The Clerk of Court is DIRECTED to mail Aquino a prisoner civil rights complaint form so that he can comply with the directions in this Order.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 13, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Aquino v. Harrington*, 1:17-cv-00300 LEK-RLP