IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| BRIAN AQUINO,#A5018716, | ) NO. 1:17-cv-00300 LEK-KSC |
|---|---|
| | ) |
| | ) DISMISSAL ORDER |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| STATE OF HAWAII, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

On November 13, 2017, the Court dismissed Plaintiff's second Amended Complaint pursuant to 28 U.S.C. § 1915(e) for Plaintiff's failure to state a claim on which relief can be granted. Order, ECF No. 15. The Court granted Plaintiff until December 13, 2017, to file an amended pleading that cured the pleading's deficiencies. Plaintiff has neither filed an amended complaint nor requested an extension of time to do so. It appears that he has abandoned this action. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2015).

The Court may dismiss Plaintiff's claims with or without prejudice for his failure to comply with the Court's November 13, 2017 Order. *See Yourish v. Cal.*

*Amplifier*, 191 F.3d 983, 988 (9th Cir. 1999) (holding plaintiff's failure to comply with minute order to file amended complaint gave district court discretion to dismiss case under Fed. R. Civ. P. 41(b)).[1] The Court must consider five factors before dismissing a case:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

The public interest in the expeditious resolution of this litigation, the Court's interest in managing its docket, the noted lack of merit of Plaintiff's claims, and the lack of prejudice to the unserved Defendants strongly weigh in favor of dismissal of this action. Plaintiff was afforded two opportunities to

---

[1]Fed. R. Civ. P. 41(b) states, in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

amend his claims but has failed to do so.  Alternatives to dismissal have therefore been provided and providing further opportunities appears futile.

This action is DISMISSED with prejudice for Plaintiff's failure to amend his pleadings to state a cognizable claim.  *See In re Phenylpropanolamine (PPA) Cases*, 460 F.3d 1217, 1226 (9th Cir. 2006).  This dismissal shall count as a strike under 28 U.S.C. §1915(g), unless it is overturned on appeal.  *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). The Clerk is DIRECTED to enter judgment and terminate this case.

IT IS SO ORDERED.

DATED:   HONOLULU, HAWAII, January 8, 2018.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Aquino v. State, et al.*, 1:17-cv-00300 LEK-RLP; Dfcy Dsml Ords '17 Aquino 17-300 (dsm f. amd, stk)